**In re HOSPITAL GENERAL SAN CARLOS, INC, Debtor.**

Civ. No. 84–2417 (JAF).

United States District Court,
D. Puerto Rico.

June 24, 1987.

Carlos G. Látimer, Ramirez, Latimer & Biaggi, San Juan, P.R., for appellant.

Benjamín Rodríguez Ramón, Rodriguez Ramon & Peña, San Juan, P.R., for debtor-appellee.

## OPINION AND ORDER

FUSTE, District Judge.

We now decide an appeal from a final order entered by the bankruptcy court regarding debtor, Hospital General San Carlos, Inc. The same is reviewable under the authority established in 28 U.S.C. sec. 158 (1984). Appellant, creditor Dr. Victor Segarra, essentially alleges that the bankruptcy court exceeded its authority by entering an order subordinating the rank of its secured debt. We find that the bankruptcy court acted within its equitable authority and, therefore, affirm.

### I.

The facts relevant to Segarra's appeal are as follows: Dr. Segarra was a founder and principal stockholder of Hospital General San Carlos, Inc. (Hospital). On or about 1974, the financial condition of the hospital was turning into an unequivocable bankruptcy. The hospital was operating with a deficit of $500,000 and its business years 1974–1975 reflected losses, with accummulated debts of nearly $1 Million. Under these circumstances, the stockholders decided to sell their stock to a third party. The sale transaction was arranged for a down payment of approximately 9%, with a deferred balance for five or six years. This deferred amount was secured by a mortgage note of $3 Million over the real property of debtor. The former stockholders received a participation of the mortgage in proportion to their stock holdings. Segarra's stock was sold for $422,000, of which he received $35,000 as down payment. His participation in the mortgage was of 13%. This transaction was completed in 1975. The hospital filed its Chapter 11 bankruptcy petition in 1976.

On December 20, 1976, Segarra filed his proof of claim, where he sought as due the

amount of $422,075.65, plus interest at 6% per annum. On April 9, 1984, debtor filed an objection to the claim, attacking the validity of the mortgage. The bankruptcy court held an evidentiary hearing. Thereafter, an opinion and order was entered, whereby the court concluded that the mortgage was validly executed and registered. Notwithstanding, the bankruptcy court decided to subordinate the mentioned mortgage to allow debtor to obtain new financing for the hospital. From this decision Segarra appeals, objecting the same on two grounds: (a) that a full trial should have been held on this issue, and (b) that the bankruptcy court has no authority to grant as a remedy the subordination of the mortgage, remedy which had not been requested.

## II.

Appellant's legal argument does not sustain his contention. The premise for sustaining the bankruptcy court's action goes to the reason of existence of the corporate official and stockholder's duties. The rule is that an official or stockholder of a corporation has a duty of care toward the stockholders. This duty shifts and is owed to the creditors when the corporation status is one of insolvency. *Clarkson Co., Ltd. v. Shaheen Natural Resources,* 660 F.2d 506 (2d Cir.), *cert. denied,* 455 U.S. 990, 102 S.Ct. 1614, 71 L.Ed.2d 850 (1981). The trust relationship which is established in this context is breached when the officials/stockholders engage in self-dealing transactions. *See Burroughs v. Fields,* 546 F.2d 215 (7th Cir.1976); *New York Credit Men's Adjustment Bureau v. Weiss,* 305 N.Y. 1, 110 N.E.2d 397 (1953); *In re Calton Crescent, Inc.,* 80 F.Supp. 822 (S.D.N.Y.1948), *aff'd,* 173 F.2d 944 (2d Cir. 1949). The obligation of a stockholder/officer of an insolvent corporation is as follows:

> Their powers are powers in trust ... Their dealings with the corporation are subjected to rigorous scrutiny and where any of their contracts or engagements with the corporation is challenged the burden is on the director or stockholder not only to prove the good faith of the

transaction but also to show its inherent fairness from the viewpoint of the corporation and those interested therein ... The essence of the test is whether or not under all the circumstances the transaction carries the earmarks of an arm's length bargain. If it does not, equity will set it aside. While normally that fiduciary obligation is enforceable directly by the corporation, or through a stockholder's derivative action, it is, *in the event of bankruptcy of the corporation, enforceable by the [bankruptcy] trustee.* For that standard of fiduciary obligation is designed for the protection of the entire community of interests in the corporation—creditors as well as stockholders.

*Pepper v. Litton,* 308 U.S. 295, 306, 60 S.Ct. 238, 245, 84 L.Ed. 281 (1939) (emphasis added).

## III.

We now decide that, since the corporation gave a mortgage to its directors/stockholders for value while insolvent, this transaction is voidable. *See In re Calton Crescent,* 80 F.Supp. at 824. The bankruptcy court remedy was not an abuse of its authority. The appeal is DISMISSED. No costs shall be assessed.

IT IS SO ORDERED.